UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK


FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 29 2019 ★
BROOKLYN OFFICE

UNITED STATES OF AMERICA

– against –

GURPRIT BATH,

               Defendant.

18-CR-00150

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

| Parties | Appearances |
|---|---|
| For United States | Megan E. Farrell<br>United States Attorney's Office<br>Eastern District of New York<br>271 Cadman Plaza East<br>Brooklyn, NY 11201<br>718-254-6448 |
| For Defendant | Mildred M. Whalen<br>Federal Defenders of New York, Inc.<br>One Pierrepont Plaza, 16th Floor<br>Brooklyn, NY 11201<br>718-330-1290 |

**Table of Contents**

I. Introduction..........................................................................................................2
II. Instant Offense....................................................................................................2
III. Guilty Plea..........................................................................................................3
IV. Sentencing Hearing............................................................................................3
V. Guidelines Range................................................................................................3
VI. Law....................................................................................................................4
VII. 18 U.S.C. § 3553(a) Considerations.................................................................4
VIII. Sentence..........................................................................................................6
IX. Conclusion.........................................................................................................7

### I. Introduction

Gurprit Bath pled guilty to one count of conspiracy to commit robbery, one count of attempted robbery, and five counts of robbery, each in violation of 18 U.S.C. § 1951(a). He had held up a series of gas stations using what appeared to be a real gun but was later determined to be a BB gun.

Bath is a 37 year old Queens resident with a serious heroin addiction. He was once a promising pop singer whose life fell off track when he began abusing drugs. He helps care for his arthritic mother.

### II. Instant Offense

Between February and March 2018, defendant, together with others, robbed or attempted to rob several gas stations in Queens and Nassau Counties. Presentence Investigation Report ("PSR") ¶ 1-8. During each crime, defendant brandished a BB gun which appeared to be an actual firearm, and demanded money from the station attendant. *Id.* ¶ 10-18. None of the victims were physically injured.

Bath was heavily addicted to heroin at the time of the robberies, using approximately 20 to 30 bags a day. *Id.* ¶ 118. He participated in the instant offenses to help pay for drugs. Sent. Hr'g Tr. 8:22-24, Jan. 30, 2019.

### III. Guilty Plea

On September 28, 2018, defendant pled guilty to seven counts of an eight-count indictment: one count of Hobbs Act Robbery Conspiracy, one count of Attempted Hobbs Act Robbery, and five counts of Hobbs Act Robbery, each in violation of 18 U.S.C. § 1951(a). PSR ¶ 1.

### IV. Sentencing Hearing

A sentencing hearing was conducted on January 31, 2019. *See* Sent. Hr'g Tr., Jan. 31, 2019. The proceedings were recorded on video to develop an accurate record of body language and courtroom atmosphere. *See* 18 U.S.C. § 3553(a); *In re Sentencing*, 219 F.R.D. 262, 264 (E.D.N.Y. 2004) ("A[n appellate court's] *de novo* review would be factually deficient without a video record of the district court's sentencing hearing"). In his support, defendant's mother and sister attending the hearing.

### V. Guidelines Range

In the parties' plea agreement, the government estimated that the defendant's Guidelines imprisonment range would be 37 to 46 months. Probation calculated a different range. The court adopts Probation's calculation, but gives consideration to the government's intention to adhere to the plea agreement and its request that the defendant be sentenced to 37 to 46 months in prison. Government Sentencing Memorandum, January 16, 2019, ECF No. 27, at 4.

The base offense level is 20. *See* U.S.S.G. § 2B3.1(a); PSR ¶ 27. Three levels were added because defendant possessed and brandished what appeared to be a dangerous weapon. *See* U.S.S.G. § 2B3.1(b)(2)(E); PSR ¶ 28. Five more levels were added because of the number of criminal offenses committed pursuant to U.S.S.G. § 3D1.4. The offense level was decreased by three levels for acceptance of responsibility and timely notification of a guilty plea. PSR

¶ 87-88. The total adjusted offense level is 25. *Id.* ¶ 89. Defendant's criminal history category is III. *Id.* ¶ 97. The imprisonment range under the Guidelines is 70 to 87 months. *Id.* ¶ 135.

## VI. Law

Sentencing Guidelines are advisory rather than mandatory, allowing for discretion by the judge. *United States v. Booker*, 543 U.S. 220, 245-46 (2005). "A district court may not presume that a Guidelines sentence is reasonable; it must instead conduct its own independent review of the sentencing factors, aided by the arguments of the prosecution and defense." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). If a district court judge determines that justifications are so compelling, he or she may impose a sentence outside the range of the Guidelines. *Id.*

The district court must "consider all of the § 3553(a) factors to determine whether they support the sentence requested." *Gall v. United States*, 552 U.S. 38, 49-50 (2007). The court will then "make an individualized assessment based on the facts presented" and "state in open court the reasons for its imposition of the particular sentence." *Id.* at 50; *see also* 18 U.S.C. § 3553(c).

## VII. 18 U.S.C. § 3553(a) Considerations

Bath, 37 years old, was born in Punjab, India. PSR ¶ 104. He is a naturalized citizen of the United States. *Id.* ¶ 109. He was raised in a middle-class household in India. *Id.* ¶ 107. He and his family legally immigrated to the United States in 2003 and settled in Queens, New York. *Id* ¶ 106, 109.

The defendant lives with his mother in a small two-family house in Queens that he purchased in 2005. *Id.* ¶ 111. His mother suffers from arthritis and uses a cane to walk. *Id.* ¶ 105. She is unemployed and relies on her children for financial and emotional support. *Id.* He has an older sister who lives in New York with her husband and two children. *Id.* ¶ 106. She

4

works in the coding department for a home health aide service provider. *Id.* He shares a close relationship with both his mother and sister and they remain supportive. *Id.* ¶ 105-106.

He had a difficult childhood. His father was an alcoholic who became violent when he drank. *Id.* ¶ 107. He physically abused his wife and both children. *Id.* He regularly beat the defendant's mother, leading to his arrest for domestic violence. *Id.* ¶ 104. While bailed on bond, he fled to India where he currently lives. *Id.* He would also beat the defendant for defending his mother when he was a child. *Id.* ¶ 107.

At the time of his arrest, Bath was unemployed. *Id.* ¶ 123. He last worked, until December 2017, as a tractor trailer driver at JFK Airport. *Id.* ¶ 125. He quit when he learned that he would be required to submit to a drug test, as he knew he would fail. *Id.* He had previously worked as a driver for a trucking company. *Id.* ¶ 127. His sister reported that a trucking company is willing to hire the defendant once he is released from custody. Sent. Hr'g Tr. 9:18-19, Jan. 30, 2019.

Bath once had aspirations of a music career. PSR ¶ 122. He produced several songs and reportedly had a contract with a record company in the United Kingdom. *Id.* His drug use hindered his music career, but he hopes to return to singing one day. *Id.*

He has a history of alcohol and drug abuse. *Id.* ¶ 117-118. He began consuming alcohol excessively about 2013 after he and his ex-wife began having marital problems. *Id.* ¶ 117. Defendant began sniffing heroin after his friends convinced him it would ease his stress. *Id.* ¶ 118. Bath was using approximately 20-30 "baggies" of heroin per day at the time of his arrest. *Id.* Defendant detoxed in prison, and has now been clean for almost 11 months. Sent. Hr'g Tr. 13:14-16, Jan. 30, 2019. He has expressed a desire to participate in a substance abuse treatment program. PSR ¶ 120.

Defendant has a lengthy criminal record. He has four criminal convictions from 2013 to 2015 in addition to several other arrests. *Id.* ¶ 91-102.

In June 2018, while in custody, the defendant was involved in a physical altercation when another inmate reportedly attacked him. *Id.* ¶ 115. As a result, Bath underwent reconstructive surgery to place a metal plate under his eye. *Id.* He also received stitches in his mouth and on his lip. *Id.* While defendant has regained his sight, he still occasionally experiences pain and inflammation. *Id.*

## VIII. Sentence

Bath is sentenced to time served (11 months) on all counts, to run concurrently. He is to be placed immediately in an outpatient treatment program. It is critical that Bath stays clean of drugs in order for him to stay out of trouble and maintain a lawful life.

Three years of supervised release on all counts, concurrent, 300 hours of community service, and a $700 special assessment are imposed. He is required to pay restitution in the amount of $3,960. He will pay it at 10% of his net earnings (after-tax income) every month. An order of forfeiture has been imposed by the court in the amount of $3,465. Preliminary Order of Forfeiture, Jan. 26, 2019, ECF No. 26. The court recommends the Government forego the forfeiture except for the BB gun, using the $3,465 restituted as in effect forfeiture. Sent. Hr'g Tr. 33:4-7, Jan. 30, 2019.

The court gave full consideration to the seriousness of defendant's criminal conduct and to his difficult background. Treatment for his drug addiction, rather than further incarceration, will best reduce his risk of recidivism and provide him with a chance to lead a healthy and productive life. It is important that the defendant secures employment in order to take care of himself and his mother. General and specific deterrence are achieved by the sentence imposed.

While on supervised release, defendant will be subject to the mandatory conditions of U.S.S.G. § 5D1.3(e), standard conditions of U.S.S.G. § 5D1.3(c) and, as appropriate, the special and additional conditions of U.S.S.G. § 5D1.3(d) and U.S.S.G. § 5D1.3(e). He is required to participate in an outpatient treatment program for his heroin addiction. To help support his mother and himself, he must try to obtain appropriate employment upon release.

Defendant is required to provide full financial disclosure to Probation so restitution can be properly collected. He must consent to a search condition of the defendant's home by Probation.

## IX. Conclusion

All relevant issues have been considered, with special attention given to the Guidelines, to ensure a sentence that is "sufficient, but not greater than necessary." *See* 18 U.S.C. § 3553(a).

SO ORDERED.

/s/ Jack B. Weinstein
Jack B. Weinstein
Senior United States District Judge

Date: February 26, 2019
Brooklyn, New York